UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

STARR INDEMNITY & LIABILITY CO.,

    Plaintiff,

v.

WILSON RIOS d/b/a W.R. DISTRIBUTORS, et al.,

    Defendants.

Civil No. 3:15-cv-01264 (JAF)

**MEMORANDUM OPINION & ORDER**

This matter is before the court on two motions to dismiss filed by Defendant Wilson Ríos d/b/a W.R. Distributors ("W.R. Distributors") and Defendant Tri-Cargo Freight, Inc. ("Tri-Cargo") (W.R. Distributors and Tri-Cargo will be collectively referred to as "Defendants"). (ECF Nos. 9 and 12). The matters have been fully briefed by the parties and are ripe for review.

**I.**

**Standard of Review**

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court considers the facts alleged in the complaint but may also consider "whatever evidence has been submitted, such as depositions and exhibits." *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011) (internal quotation marks omitted). Under Rule 12(b)(6) however, the court is limited to the facts alleged in the complaint, except that the court may consider documents referred to or incorporated into

the complaint and certain other documents when their authenticity is not disputed. *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993).

## II.

## **Statement of Facts**

Plaintiff Starr Indemnity & Liability Co. ("Starr") is an insurance company with its principal place of business in New York. Starr issued an insurance policy for C.I.C. Associates ("C.I.C."), a beauty products supply company with its principal place of business in Florida.

On December 20, 2012, C.I.C. entered into a contract with Defendant W.R. Distributors whereby W.R. Distributors agreed to provide storage for and distribution of C.I.C.'s beauty products for two years. In March 2014, C.I.C. requested W.R. Distributors to ship some of the inventory of C.I.C. to it in Miami, Florida. W.R. Distributors then enlisted Defendant Tri-Cargo to pick up the inventory and ship it to C.I.C. in Miami. The inventory never arrived in Miami. C.I.C. filed a police report in Puerto Rico for the missing inventory, which consisted of sixty-five cartons of hair care products, amounting to $77,351.09 worth of loss. Plaintiff Starr paid C.I.C. for the loss of products and C.I.C. signed a subrogation agreement whereby Plaintiff Starr became subrogated in the rights and claims of C.I.C.

Plaintiff Starr filed this action against Defendants on March 20, 2015, alleging claims under the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 14706, the Carriage of Goods by Sea Act, 46 U.S.C.A. § 30701 ("COGSA"), the Harter Act, 46 U.S.C. §§ 30701–30707, and state law claims for breach of contract, negligence,

and conversion of property. Plaintiff Starr asserts this court has both diversity jurisdiction and federal question jurisdiction.

### III.

### Law and Analysis

**A.     This court has subject matter jurisdiction over Plaintiff's claims.**

Both Defendants assert that this court lacks diversity jurisdiction over Plaintiff's claims. Rule 12(b)(1) motions may be considered as a "facial attack" or a "factual attack" on the allegations in the complaint. *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007). "Facial attacks on a complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in plaintiff's complaint are taken as true for purposes of the motion." *Id.* (citations and internal quotation marks and punctuation omitted). Where, as here, the movant "in his motion or in any supporting materials, denies or controverts the pleader's allegations of jurisdiction, then he is deemed to be challenging the actual existence of subject matter jurisdiction, and the allegations of the complaint are not controlling." *Id*. at n. 8 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1363, at 653–54 (1969)). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (citation omitted).

According to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship. 28 U.S.C. § 1332(a).

Here, there is no question that diversity of citizenship exists. Rather, the dispute is whether the damages exceed $75,000.

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (footnotes omitted). When applying this test, a court must look at the circumstances at the time the complaint is filed. *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004) (citing *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001)).

A plaintiff's "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." *Id*. (citations omitted). "If the opposing party questions the damages allegation, then the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. *Id*. (quotation marks and citations omitted). A plaintiff may substantiate the amount-in-controversy "by amending the pleadings or by submitting affidavits[.]" *Dep't of Recreation & Sports of Puerto Rico v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991). "Further, if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, ... the suit will be dismissed." *Id.* (citing *St. Paul*, 303 U.S. at 289 (footnote omitted)).

In response to Defendants' diversity jurisdiction challenge, Plaintiff Starr provides the court with a "Subrogation Receipt" (ECF No. 13-1), which supports the damages amount of $77,351.09 requested in the complaint. Defendants argue that the actual amount in controversy is $72,351.09, the amount Plaintiff Starr actually paid to its insured, C.I.C. However, C.I.C. was also damaged another $5,000 from the loss of its inventory that was not paid out by Plaintiff Starr, since C.I.C. was responsible for $5,000 as a deductible under the insurance policy. Since Plaintiff Starr stepped into the shoes of its insured, which suffered a loss of $77,351.09, this court could find that Plaintiff Starr's allegation that the amount in controversy exceeds $75,000 was made in good faith.

The Subrogation Receipt, however, that Plaintiff Starr relies upon, was neither authenticated nor accompanied by an affidavit. Though we could either request that the document be properly made a part of this record or hold an evidentiary hearing regarding the amount in controversy (*see General Contracting & Trading Co. LLC v. Interpole, Inc.*, 899 F.2d 109, 116 (1st Cir. 1990), given that Defendants do not actually object to the authenticity of the Subrogation Receipt, doing so would only cause an unnecessary delay of these proceedings and serve only to drive up attorney fees for the parties.

The court finds that Plaintiff Starr has met its burden and demonstrated good faith in its allegation that the amount in controversy exceeds $75,000.00. There is no dispute as to complete diversity of the parties.

Accordingly, this court has diversity jurisdiction over Plaintiff Starr's complaint. Having found diversity jurisdiction, this court need not examine whether it also has federal question jurisdiction.

**B.  Fed. R. Civ. P. 12(b)(6)**

Defendant Tri-Cargo also moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief may be granted. Unlike the 12(b)(1) motion, this court is limited to a review of the pleadings only. "Dismissal of a complaint pursuant to Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 11 (1st Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a Rule 12(b)(6) motion, the court must construe all well-pleaded facts of the complaint in the light most favorable to the plaintiff. *Id*. at 8.

Upon review of Plaintiff Starr's complaint, the court finds that the claims have "facial plausibility" to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n. 8. Having reviewed the parties' briefs, the court finds that Plaintiff Starr's complaint adequately pleads claims under the Carmack Amendment, the Harter Act, COGSA, and for breach of a transportation of cargo contract.[1] Accordingly, Defendant Tri-Cargo's motion to dismiss pursuant to Rule 12(b)(6) is DENIED.

---

[1] We cannot tell from the papers on file where the merchandise was lost or if it was even delivered to a maritime carrier for overseas transportation. While a purported bill of lading issued by Tri-Cargo asserts that the merchandise was received "clean on board", we are not deciding to what extent the Carmack Amendment, the Harter Act, or the Carriage of Goods by Sea Act may come into play here. All options remain open to correlate facts with applicable law, whether Federal or State.

## IV.

## **Conclusion**

For the reasons set forth above, Defendant Wilson Ríos d/b/a/ W.R. Distributors' motion to dismiss under Rule 12(b)(1) (ECF No. 9), and Defendant Tri-Cargo Freight, Inc.'s motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) (ECF No. 12), are DENIED.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of November, 2015.

                                                                S/José Antonio Fusté
                                                                 JOSE ANTONIO FUSTE
                                                                 U. S. DISTRICT JUDGE